UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Crim. No. |
| v. | : | |
| | : | GJO |
| PAUL A. MILLSTEIN, | : | |
| | : | Charge: Title 26, U.S.C. § 7201 (Tax |
| Defendant, | : | Evasion) |

The United States, through its Attorney, the United States Attorney for the District of Columbia, respectfully informs the Court:

**INFORMATION**

**COUNT ONE**
(Tax Evasion - Calendar Year 1999)

I.  INTRODUCTION

1. Defendant PAUL A. MILLSTEIN was an employee of Douglas Development Corporation (Douglas Development). His position was generally described as the that of "Vice President - Construction."

2. Douglas Development retained the services of companies to provide payroll services. These payroll companies prepared various forms, such as the "W-2," for the Douglas Development employees. The W-2 recorded the amount of salary that had been paid by Douglas Development to the particular employee, and the information on the W-2 was reported to the Internal Revenue Service (IRS).

3. During calendar year 1999, defendant PAUL A. MILLSTEIN received weekly salary payments from Douglas Development based on an annual salary of approximately $66,000.

## II. TAX EVASION

4. From on or about January 1, 1999 through August 2005, in the District of Columbia and elsewhere, defendant PAUL A. MILLSTEIN, personally and with others, did willfully attempt to evade and defeat the payment of a large part of the income taxes due and owing by defendant PAUL A. MILLSTEIN to the United States of America for the calendar year 1999, by, among other acts:

    A. concealing and attempting to conceal from all proper officers of the United States of America the true and correct income of defendant PAUL A. MILLSTEIN for calendar year 1999 by the following acts:

        1. in or about April 1999, receiving a check for in the amount of $25,000 payable to PAUL A. MILLSTEIN drawn on the escrow account of a law firm; this $25,000 check consisted of funds under the control of Millstein's employer in connection with a real estate refinancing, and the proceeds were used for the personal benefit and enjoyment of the defendant;

        2. in or about November 1999, receiving a check in the amount of $50,000 payable to PAUL A. MILLSTEIN drawn on the escrow account of a law firm; this $50,000 check consisted of funds under the control of Millstein's employer in connection with a real estate refinancing, and the proceeds were used for the personal benefit and enjoyment of the defendant;

        3. on or about a date in 2000, causing Douglas Development to submit to the

        IRS a Form W-2 reporting defendant PAUL A. MILLSTEIN's wages and earnings for 1999 as $65,993.78, that is, solely the amount paid to MILLSTEIN through Douglas Development's standard payroll process, and not including the aforesaid $75,000 consisting of the payments described in paragraphs one and two;

B.    in or about various dates in 1999, causing Douglas Development to withhold and pay to the IRS taxes of approximately $7,674 from defendant PAUL A. MILLSTEIN's salary for that year, that is, the amount withheld solely on the $65,993.78 that MILLSTEIN was paid through Douglas Development's standard payroll process in 1999, with no withholding on the aforesaid $75,000;

C.    causing to be prepared, signed, filed and mailed a federal income tax return, Form 1040, for calendar year 1999, for defendant PAUL A. MILLSTEIN, said return being false and fraudulent in that:

    1.    the return represented that PAUL A. MILLSTEIN's total wages, salary and tips for calendar year 1999 was approximately $65,994, when, in truth and in fact, PAUL A. MILLSTEIN's wages, salary and tips for calendar year 1999 was substantially in excess of that amount by approximately $75,000;

    2.    the return represented that PAUL A. MILLSTEIN's total income tax due and owing for calendar year 1999 was $3,690, when in truth in truth and in fact, PAUL A. MILLSTEIN's income tax due and owing was substantially in excess of that amount; and

    3.    the return, at lines 65 and 66a, falsely claimed a refund of $3,984, when, in truth and in fact, defendant PAUL A. MILLSTEIN was not entitled to such a refund.

(Attempt to Evade and Defeat Taxes and Payment Thereof, in violation of Title 26, United States Code, Section 7201, and Aiding and Abetting and Causing an Act to be Done, in violation of Title 18, United States Code, Section 2)

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: _____
Mark H. Dubester
D.C. Bar No. 339655
Assistant United States Attorney
555 4th Street, NW
Room 5917
Washington, D.C. 20530
(202) 514-7986