

**U.S. Department of Justice**

United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

March 19, 2007

**FILED**

MAY 1 - 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Henry F. Schuelke, Esq.,
Janis, Schuelke & Wechsler
1728 Massachusetts Ave., N.W.
Washington, DC 20036

CR 07-0101
U.S.
v.

<u>Re: Paul Millstein</u>

Dear Mr. Schuelke:

    The purpose of this letter is to set forth the terms of an agreement between your client, Paul Millstein, and the United States Attorney's Office for the District of Columbia.

    1) <u>Charges</u>. Mr. Millstein will plead guilty to a one-count information charging him with Tax Evasion for calendar year 1999 in violation of Title 26, United States Code, Section 7201. The basis for the plea will be Mr. Millstein's receipt of $75,000 of unreported income in 1999. This money was paid to him by way of checks from his employer's attorney out of the proceeds of real estate refinancings. Mr. Millstein acknowledges he knew and understood this $75,000 to be compensation, that is income, and that he wilfully attempted to evade taxes by failing to report and pay taxes on that income on his 1999 return that he filed in 2000.

    2) <u>Potential Statutory Penalties (Tax Evasion)</u>. Mr. Millstein understands that upon his conviction, the statutory maximum term of imprisonment is not more than 5 years, a term of supervised release of not more than 3 years, and a fine of not more than $250,000. Pursuant to 18 U.S.C. § 3013, Mr. Millstein is also required to pay a mandatory special assessment of $100 on the felony charge. He agrees to pay this assessment at the time of his plea. Mr. Millstein also may be sentenced by the Court to a term of probation of not more than 5 years. 18 U.S.C. § 3561.

    3) <u>Agreement to be Governed by Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure</u>. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the government agrees that a sentence within a range of 0 to 6 months imprisonment, which corresponds to Zone A of the Sentencing Table of the Sentencing Guidelines, is the appropriate disposition of this case. The government further agrees that, should the Court sentence Mr. Millstein to a term of confinement in this case, any such confinement shall consist solely of home detention (with work release), and not halfway house or prison. The parties agree that they will recommend to the Court that, pursuant to Sentencing Guidelines Section 6B1.2(c)(2), there are

Page –2–

justifiable reasons for the Court to accept the agreed-upon sentencing limitation. If the Court accepts this condition, then the agreed disposition will be included in the judgment pursuant to Rule 11(c)(3) of the Federal Rules of Criminal Procedure. The parties understand, however, that, in light of other factors, the Court may not agree to accept this condition and may reject the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Mr. Millstein understands that, if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the plea agreement and will afford him an opportunity to withdraw the plea, or if he persists in the guilty plea, will inform him that the final disposition may be less favorable to him than that contemplated by this agreement.

4)    The matter of the extent of home confinement (if any), the amount of community service (if any) or other conditions of supervised release or probation, and the amount of a fine (if any) will be decided by the Court. Other than the limitations on the government's representations to the Court concerning the nature of confinement, the government shall not otherwise be limited in connection with its representations at sentencing.

5)    The Government agrees not to pursue any other tax-related charges against Mr. Millstein for conduct that occurred prior to July 2005 and that is known to the government at the time of the execution of this agreement, and will not pursue any charges related to Mr. Millstein's employment with Douglas Development Corp. that occurred prior to July 2005 and that is known to the government at the time of the execution of this agreement. The government represents that it knows of no post-July 2005 conduct that would subject the defendant to criminal liability.

6)    The government reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement. The government reserves its right to seek any lawful sentence upon a breach of supervised release or probation.

7)    Mr. Millstein understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office, any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Mr. Millstein.

8)    No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Millstein, Mr. Millstein's counsel and an Assistant United States Attorney for the District of Columbia.

Page –3–

If the foregoing terms and conditions are satisfactory, Mr. Millstein may indicate his assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Mr. Millstein and his counsel.

Sincerely,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: *(signature)*

MARK H. DUBESTER
ASSISTANT UNITED STATES ATTORNEY
(202) 514-7986

Accepted:

*(signature)*  *(signature)*

Paul Millstein                Henry F. Schuelke, Esq.